IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 1:17-cv-00646 |
| v. | ) ) | |
| | ) | **COMPLAINT** |
| ADVANCED HOME CARE, INC. | ) ) | **JURY TRIAL DEMAND** |
| Defendant. | ) ) | |

NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Elizabeth Pennell (Pennell). The Equal Employment Opportunity Commission (the "Commission" or "EEOC") alleges that Advanced Home Care, Inc. ("Defendant") refused to provide Pennell, a qualified individual with a disability, with a reasonable accommodation and discharged her in violation of the ADA.

1

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.§ 2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of North Carolina.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Defendant has continuously been doing business in the State of North Carolina and the City of High Point, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C. §§ 12111(5), (7).

6. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

7. More than thirty days prior to the institution of this lawsuit, Elizabeth Pennell filed a charge with the Commission alleging violations of the ADA by Defendant.

8. On April 19, 2017, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that the ADA was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9. On May 23, 2017, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

10. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

11. As more fully described below, since around August 2015, Defendant has engaged in unlawful employment practices at its facility in High Point, North Carolina, in

violation of Section 102 of Title I of the ADA, 42 U.S.C. § 12112 by failing to provide a reasonable accommodation to Pennell and discharging her because of her disability.

12. Defendant hired Pennell on February 3, 2014 as a Patient Account Representative I (PAR I). Shortly thereafter, Defendant promoted Pennell to a Patient Account Representative II (PAR II) position. As a PAR II, Pennell served as a case manager for patients requiring home services. As a case manager, Pennell was required to spend part of her day on telephone calls.

13. Pennell has had asthma since she was a child. In or around the spring of 2015, Pennell began to experience frequent asthma attacks and flare ups of bronchitis.

14. In or around August 2015, Pennell collapsed at work after a heavy bout of coughing. Pennell was hospitalized following the incident. While hospitalized, Pennell was diagnosed with chronic bronchitis and Chronic Obstructive Pulmonary Disease ("COPD").

15. As a consequence of asthma, bronchitis, and COPD, Pennell experiences wheezing, severe bouts of coughing, and asthma attacks. Pennell's physical impairments substantially limit her in the major life activity of breathing. Pennell's physical impairments also substantially limit the operation of her respiratory functions and constitute a disability under the ADA. As a consequence of Pennell's disability she has difficulty talking continuously for extended periods of time.

16. Fragrances, scents, and odors aggravate Pennell's COPD and asthma. Pennell worked in a cubicle at Defendant's High Point support center, along with

4

hundreds of other employees. Thus, she was subjected to these types of irritants, including the smell of smoke on employee's garments, on a regular basis.

17. Pennell was out of work on medical leave under the Family and Medical Leave Act ("FMLA"), from around August 5 until around August 29, 2015 due to her disability. Pennell returned to work around August 30, 2015.

18. Shortly after she returned from leave, Pennell asked her supervisor, the Revenue Program Manager (the "Supervisor"), if she could telework either part-time or full-time because of her disability. By teleworking, Pennell would be away from actual and potential respiratory irritants at Defendant's facility. Also, Pennell would not be required to take inbound calls and therefore would have spent less time on the telephone if she had been allowed to telework. The Supervisor said she would get back with Pennell.

19. Pennell continued to work onsite at Defendant's High Point facility. From around August until around December 2015, Pennell asked the Supervisor if she could telework on at least three separate occasions. The Supervisor ignored Pennell's repeated requests to telework.

20. In or around early November 2015, Pennell was hospitalized for COPD related symptoms. On November 11, 2015, Pennell went out on medical leave and remained on medical leave until her employment was terminated in January 2016.

21. From around November 2015 until around January 7, 2016, Pennell's direct supervisor told Pennell on more than one occasion that Defendant would terminate

Pennell's employment if Pennell could not return to work without restrictions on January 7, 2016, when Pennell's FMLA leave ended.

22. In or around December 2015, Pennell again asked the Supervisor if she could telework. Pennell's request was denied.

23. In or around December 2015, the Supervisor gave Pennell a performance evaluation, stating that Pennell met Defendant's performance expectations.

24. At no time did Defendant approve Pennell's requests to telework as a reasonable accommodation for her disability. Pennell could have performed the essential functions of her position with the reasonable accommodation of telework.

25. On January 8, 2016, Defendant terminated Pennell's employment because Pennell was unable to return to work after exhausting her FMLA leave.

26. At all relevant times, Pennell was a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8).

27. Defendant refused to provide Pennell, a qualified individual with a disability, with a reasonable accommodation of telework, in violation of the ADA.

28. Defendant's refusal to accommodate Pennell culminated in the termination of Pennell's employment with Defendant, in violation of the ADA.

29. The effect of the practices complained of above has been to deprive Pennell of equal employment opportunities and otherwise adversely affect her status as an employee, because of her disability and need for reasonable accommodation.

30. The unlawful employment practices complained of above were intentional.

31. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Pennell.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from discriminating against individuals because of their disabilities, including discrimination in hiring, firing, failing to provide reasonable accommodation to qualified individuals with disabilities, and any other employment practice which discriminates on the basis of disability.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, including individuals who request telework as accommodation, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make Pennell whole, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement or front pay.

D. Order Defendant to make Pennell whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices

described above, including COBRA and other medical expenses, in amounts to be determined at trial.

E. Order Defendant to make Pennell whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including, emotional suffering, inconvenience, humiliation, loss of enjoyment of life, loss of civil rights, and other non-pecuniary losses pain, in amounts to be determined at trial.

F. Order Defendant to pay Pennell punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

<u>JURY TRIAL DEMAND</u>

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted this the 12<u>th</u> day of <u>July</u>, 2017.

        EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

        JAMES L. LEE
        Deputy General Counsel

        GWENDOLYN YOUNG REAMS
        Associate General Counsel
        Equal Employment Opportunity Commission
        131 M Street, NE
        Washington, D.C. 20507

LYNETTE A. BARNES
(N.C. Bar No. 19732)
Regional Attorney

YLDA KOPKA
(Illinois Bar No. 6286627)
Supervisory Trial Attorney


s/ *Yolanda W. Brock*
YOLANDA W. BROCK
(N.C. Bar No. 36651)
Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Charlotte District Office
129 W. Trade St., Suite 400
Charlotte, NC 28202
Tel: (704) 954-6463
Fax: (704) 954-6412

**ATTORNEY FOR PLAINTIFF**