IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

EQUAL EMPLOYMENT OPPORTUNITY      )
COMMISSION,                       )
                                  )
              Plaintiff,          )
                                  )        1:17-cv-00646
     v.                           )
                                  )
ADVANCED HOME CARE, INC.,         )
                                  )
              Defendant.          )

**MEMORANDUM OPINION AND ORDER**

THOMAS D. SCHROEDER, District Judge.

The Equal Employment Opportunity Commission ("EEOC") brings this lawsuit against Advanced Home Care Inc. ("Advanced") alleging violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq. ("ADA"), for failure to reasonably accommodate its employee, Elizabeth Pennell, and wrongful termination.  Before the court is Advanced's motion to dismiss.  (Doc. 6.)  The motion has been fully briefed and is ready for decision. (Docs. 7, 8, 9.)  For the reasons set forth below, the motion will be denied.

**I.   BACKGROUND**

Viewed in the light most favorable to the EEOC as the non-moving party, the operative facts are as follows:

Advanced offers in-home health care services to patients. (See Doc. 1 ¶ 12.) On February 3, 2014, Advanced hired Pennell to serve as a Patient Accounts Representative at its High Point

location.  (Id.)  The main function of Pennell's job was to manage cases for patients who required at home health care services.  (See Id.)  This required that she spend some portion of her typical work day on the telephone.  (Id.)

During the spring of 2015, Pennell began to experience frequent asthma attacks and flare ups of bronchitis.  (Id. ¶ 13.)  That August, she collapsed at work, was hospitalized, and subsequently was diagnosed with chronic bronchitis and chronic obstructive pulmonary disease ("COPD").  (Id. ¶ 14.)  As a result of these conditions, Pennell has difficulty talking continuously for extended periods of time.  (Id. ¶ 15.)  Her conditions are aggravated by scents and odors of the sort that she was regularly exposed to when working in a cubicle at Advanced along with hundreds of other employees.  (Id. ¶ 16.)

Following her diagnosis, Pennell was out of work under the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 et seq., from August 5 through 30, 2015.  (Id. ¶ 17.)  When she returned to work, Pennell asked her supervisor if she could telework either part-time or full-time as an accommodation for her disability.  (Id. ¶ 18.)  She requested this accommodation because it would prevent her from being exposed to irritants in her work environment and because she would not have to take inbound calls while teleworking, meaning she would have to spend less time continuously talking.  (Id.)  The supervisor informed Pennell that she would

get back to her, but never did. (Id. ¶ 18.) Between August and December of 2015, Pennell requested the accommodation of telework on at least three separate occasions, but never received a response. (Id. ¶ 19.)

In November of 2015, Pennell was again hospitalized with COPD-related symptoms. (Id. ¶ 20.) On November 11, 2015, she went on leave again. (Id.) In December, while still on leave, she received a performance review from her supervisor that stated she had met Advanced's performance expectations. (Id. ¶ 23.) Pennell's direct supervisor told her on more than one occasion, however, that if she could not return to work without restrictions on January 7, 2016, when her FMLA leave ended, she would be terminated. (Id. ¶ 21.) Pennell exhausted all twelve weeks of her leave but could not return to work, and she was fired on January 8, 2016. (Id. ¶¶ 20-21, 25.)

Shortly after her termination, Pennell filed an EEOC complaint against Advanced, alleging violations of the ADA. (Id. ¶ 7.) The EEOC issued Advanced a letter stating that there was reasonable cause to believe that the ADA had been violated and inviting Advance to engage in conciliation. (Id. ¶ 8.) When that failed, the EEOC filed the present action.

## II. ANALYSIS

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain a short and plain statement of the claim

3

showing that the pleader is entitled to relief.  Under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).  A Rule 12(b)(6) motion to dismiss "challenges the legal sufficiency of a complaint considered with the assumption that the facts alleged are true." Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir.2009) (internal citations omitted).

**A.  Failure to Accommodate**

The ADA provides a cause of action to a qualified individual with a disability whose employer fails to make a reasonable accommodation to a known physical or mental limitation unless the employer can demonstrate that the requested accommodation would impose an undue hardship.  42 U.S.C. § 12112(b)(5)(A).  The elements of a failure to accommodate claim are that (1) the employee is a qualified individual with a disability; (2) the employer has notice of the employee's disability and request for accommodation; and (3) the employer failed to accommodate the employee.  See Jacobs v. N.C. Admin. Office of the Courts, 780

4

F.3d 562, 579–80 (4th Cir. 2015). A qualified individual is "an individual who, with or without reasonable accommodation can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). "A job function is essential when 'the reason the position exists is to perform that function.'" Jacobs, 780 F.3d at 579 (quoting 29 C.F.R. § 1630.2(n)(1)). A reasonable accommodation is "one that 'enables [a qualified] individual with a disability . . . to perform the essential functions of [a] position.'" Id. at 580 (quoting 29 C.F.R. § 1630.2(o)(1)(ii)). "The statute expressly contemplates that a reasonable accommodation may require 'job restructuring.'" Id. (quoting 42 U.S.C. § 12111(9)(B)). Under the ADA, employers have a "good faith duty to engage with [their employees] in an interactive process to identify a reasonable accommodation." Id. at 581 (internal quotation marks omitted).

Advanced argues that the EEOC has failed to allege sufficient facts to support the claim that Pennell is a qualified individual. (Doc. 7 at 4–7.) Specifically, Advanced contends that the complaint fails to allege facts to demonstrate the essential function of Pennell's position or that Pennell could have performed it with a reasonable accommodation. (Id. at 4–9 (citing Cabrera Mejia v. Walmart, No. 1:14CV237, 2014 WL 5531432 (M.D.N.C. Nov. 3, 2014), aff'd sub nom. Mejia v. Wal-Mart, 599 F. App'x 520, at *3–6 (granting a motion to dismiss because the complaint failed to

5

allege "even the most basic details about [plaintiff's] job, let alone that he could have performed its essential functions").)[1] Advanced also argues that the complaint fails to demonstrate that the requested accommodation of telework is reasonable.

The EEOC argues that while it need not allege the essential function of Pennell's position in order to survive a motion to dismiss, it has done so. (Doc. 8 at 7.) Specifically, it contends, the complaint alleges that in her job "Pennell served as a case manager for patients requiring home services. As a case manager, Pennell was required to spend part of her day on telephone calls." (Doc. 1 ¶ 12.) Thus, the EEOC argues, the essential function of Pennell's position was to manage cases for patients who require home health services. (Doc. 8 at 7-9 (citing Calloway v. Durham Cnty. Pub. Sch. Bd. Of Educ., No. 15-cv-178, 2016 WL 634878, at *9 (M.D.N.C. Feb. 17, 2016) (denying a motion to dismiss where the complaint alleged sufficient facts for the court to deduce that

---

[1] Advanced also cites Rubino v. New Action Mobile Indus., LLC, 44 F. Supp. 3d 616, 623 (D. Md. 2014) ("Without even a cursory description of what kind of work the Plaintiff does, he has simply recited the elements of the cause of action."); Kelley v. Corr. Corp. of AM., 750 F. Supp. 2d 1132, 1139 (E.D. Cal. 2010) (dismissing complaint for giving "no information at all as to what the Plaintiff [could] do or what the essential elements of Plaintiff's job [were]"); and Morgan v. Rowe Materials, LLC, CIV.A. 3:08CV576, 2009 WL 1321514 (E.D. Va. May 11, 2009) (dismissing a failure to accommodate claim, in part, because the plaintiff failed to state "what his job entailed" and "whether he is able to perform the essential functions of his job, with or without reasonable accommodation"). Each case is distinguishable in its failure to present any information as to the essential functions of the plaintiff's job.

6

the plaintiff's essential job function was to "supervise[] children during the school day"); Blackburn v. Trs. Of Guilford Tech. Cmty. Coll., 822 F. Supp. 2d 539, 551 (M.D.N.C. 2011) (denying motion to dismiss even though the plaintiff failed to allege the job's essential functions)).)  The EEOC also argues that it has adequately alleged that Pennell could have performed the essential functions of her position with a reasonable accommodation of telework.  (Doc. 8 at 10.)  It argues that it alleges that Pennell's job was performed in part via telephone and that telework would allow her to perform the essential function of her position by removing her from the potential respiratory irritants at the office and reducing the amount of time that she would spend talking continuously.  (Doc. 8 at 9–11.)  The EEOC notes that this is in contrast to Mejia, where the complaint only stated that the plaintiff would return to work, "if the problem was fixed," without further detail.  2014 WL 5531432, at *3.  The EEOC also argues that it is not required to plead facts to rebut any potential undue hardship defense that Advanced may have as to the requested accommodation.  (Doc. 8 at 12.)

The EEOC is correct.  In each of the cases Advanced cites, no information was alleged as to the essential function of the plaintiffs' jobs.  While the duties of Pennell's position are not described in depth – the complaint only states that she is a case manager and that she spends part of her time on the phone, they

7

are sufficiently alleged, particularly as to the need for accommodation. Calloway. 2016, WL 634878, at *9. The EEOC has also alleged sufficient detail about the requested accommodation and how Pennell could have performed the essential functions of her position. The EEOC's complaint makes clear that Pennell requested the accommodation of telework (part-time or full-time), that some of her work required her to be on the telephone, and that she could perform the essential function of her position with the requested accommodation. This is sufficient factual detail for the court to draw the reasonable inference that Pennell could have performed the essential function of her position with the requested accommodation. Iqbal, 556 U.S. at 678 ("A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."); Woods v. City of Greensboro, 855 F.3d 639, 648 (4th Cir. 2017) (noting that a plaintiff must "allege facts to satisfy the elements of a cause of action created by [the relevant statute]," but is not required to plead facts sufficient to state a prima facie case of discrimination). Whether the accommodation is reasonable is a fact question, as the employer bears the burden of proof to establish an undue hardship defense and the EEOC need not plead facts to avoid an affirmative defense. See U.S. Airways, Inc. v. Barnett, 535 U.S. 391, 400–02 (2002);

Sanchez v. Truse Trucking, Inc., 74 F. Supp. 3d 716, 727 (M.D.N.C. 2014).[2]

**B. Wrongful Termination**

To state a claim for wrongful discharge under the ADA, a plaintiff must allege facts making plausible that: (1) she was a qualified employee with a disability; (2) she was discharged; (3) she was fulfilling her employer's legitimate expectations at the time of discharge; and (4) the circumstances of her discharge raise a reasonable inference of unlawful discrimination. Reynolds v. Am. Nat'l Red Cross, 701 F.3d 143, 150 (4th Cir. 2012).

Advanced argues that Pennell was not fulfilling its legitimate expectations because she was not working at the time of her discharge. (Doc. 7 at 10.) In support, it points to the following language from the complaint: "On January 8, 2016, [Advanced] terminated Pennell's employment because Pennell was unable to return to work after exhausting her FMLA leave." (Id. (citing Doc. 1 ¶ 25).) It also argues that, like Mejia, nothing in the complaint suggests that it discharged Pennell because of a disability and that as a result, the claim should be dismissed.

---

[2] It is not clear that Advanced disputes this conclusion. While Advanced's memorandum accompanying its motion to dismiss noted that the complaint did not allege facts to show that "telework as an accommodation would not create or constitute an undue hardship (i.e. that it was in fact reasonable)," its reply brief notes that that "the EEOC does bear the burden of pleading facts supporting that the alleged accommodation is reasonable/plausible," without mention of undue burden. (Doc. 7 at 9; Doc. 9 at 6.)

9

(Id. at 10–11 (citing Mejia, 2014 WL 5531432, at *4–5; Adams v. Shipman, No. 13CV858, 2014 WL 4924299, at *7 (finding complaint insufficient to state a claim for wrongful discharge where plaintiff only provided a conclusory statement that there were no additional reasons for her discharge)).)

The EEOC argues that, unlike Mejia and Adams, the complaint alleges facts that directly link Advanced's failure to accommodate Pennell to her discharge. (Doc. 8 at 15–16.) Specifically, Pennell's supervisor repeatedly told her that she would be terminated when her FLMA leave ended if she could not return to work without restrictions. (Id. at 14 (citing Doc. 1 ¶ 21).) The EEOC cites as analogous Mesi v. Hoskin & Muir, Incorporated, No. 16-00630 BMK, 2017 WL 1362019 (D. Haw. Apr. 7, 2017), which denied a motion to dismiss where the plaintiff was terminated at the end of his leave after his requested accommodations due to a work-related injury were refused and he could not return to work without restrictions.

Again, the EEOC is correct. Its complaint states a wrongful discharge claim sufficiently to survive the motion to dismiss. It alleges that Pennell had received a satisfactory performance review, was discharged, had requested accommodations on several occasions before her discharge but received no meaningful response, and was discharged upon the expiration of her FMLA leave

under circumstances giving rise to a reasonable inference it was because of her disability.

The motion to dismiss will therefore be denied.

## III. CONCLUSION

For the reasons stated,

IT IS ORDERED that Advanced's motion to dismiss (Doc. 6) is DENIED.

/s/   Thomas D. Schroeder<br>United States District Judge

April 10, 2018